HITACHI SALES CORPORATION OF AMERICA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Hitachi Sales Corp. of Am. v. Commissioner
Docket No. 21663-90
United States Tax Court
T.C. Memo 1995-84; 1995 Tax Ct. Memo LEXIS 85; 69 T.C.M. (CCH) 1958; February 27, 1995, Filed *85 This matter is before the Court on respondent's motion for summary judgment. We have issued two prior reports in this case: T.C. Memo. 1992-504, supplemented by T.C. Memo. 1994-159. In T.C. Memo. 1994-159, among other things, we held that petitioner's method of accounting for its inventory of spare parts involved valuing such inventory at the lower of "standard cost" (which represents 125 percent of invoice cost) or market. Respondent moves for summary judgment sustaining certain inventory adjustments, including a sec. 481(a), I.R.C., adjustment. The sec. 481(a), I.R.C., adjustment is based in part on valuing inventory at standard cost. Petitioner objects on the ground that standard cost is an incorrect method of accounting. Held: Petitioner having failed to present a material issue of fact, and having failed to raise any other issue of law, summary judgment for respondent is appropriate. For petitioner: Nancy L. Iredale and Robert A. Earnest. For respondent: Anne Hintermeister,Frances Ferrito Regan, and Steven R. Winningham. HALPERN
HALPERN
SUPPLEMENTAL MEMORANDUM OPINION HALPERN, Judge: This matter is before *86 the Court on respondent's motion for summary judgment, filed July 20, 1994 (the present motion), concerning a section 481 adjustment. This is the third report that the Court has made in this case. Our two prior reports are Hitachi Sales Corp. of America v. Commissioner, T.C. Memo. 1992-504 (Hitachi I), supplemented by Hitachi Sales Corp. of America v. Commissioner, T.C. Memo. 1994-159 (Hitachi II). In order to facilitate a more complete discussion of the present motion, we will briefly review the relevant history of this case. Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. I. Introduction
Petitioner, a subsidiary of Hitachi Sales Corp. (a Japanese corporation), was in the business of selling Hitachi brand consumer electronics equipment in the United States during the years in issue (taxable years ended March 31, 1982, 1983, and 1984). Petitioner indicated on its Federal income tax returns for those years that it used a method of accounting whereby inventory always *87 was valued at the lower of cost or market value ("lower of cost or market" method). Consistent with that method, petitioner, in making its returns for the years in issue, valued its inventory of spare parts at amounts less than cost, due to purported decreases in market value. Such markdowns had the effect of increasing petitioner's cost of goods sold, thereby reducing taxable income. In Hitachi I, among other things, we sustained respondent's disallowance of such markdowns on the ground that petitioner had failed to substantiate the claimed decreases in market value. In Hitachi II, we held: (1) Petitioner valued its spare parts inventory in accordance with the "lower of cost or market" method, (2) more precisely, since petitioner's method of accounting involved valuing inventory at so-called "standard cost" (which represents 125 percent of invoice cost), petitioner valued its spare parts inventory at the lower of standard cost or market, (3) respondent's disallowance of petitioner's markdown to market was a change to petitioner's method of accounting, (4) petitioner is required to value at standard cost both (a) its opening inventory for the first year in issue and (b) its closing *88 inventory for all years in issue, and (5) the application of section 481 "is patent" where there is a change to petitioner's method of valuing inventory. In Hitachi II, with regard to the application of section 481, we stated: An adjustment may be necessary under section 481(a) to prevent amounts from being duplicated or omitted solely on account of a change in method of accounting. Notwithstanding that we have concluded that respondent has changed petitioner's method of accounting with regard to inventories, whether an adjustment is necessary to prevent amounts from being duplicated or omitted requires a finding of fact. The necessity to find facts usually precludes summary judgment. Moreover, the present motion is not directed at whether a section 481 adjustment is necessary. Accordingly, we will not address that question here.
We invited either party to move to set a date for trial or take other appropriate action with regard to the section 481 issue. The present motion is in response to that invitation. By the present motion, respondent moves for summary adjudication sustaining her adjustments with respect to petitioner's spare parts inventory for the tax years *89 in issue, including a section 481(a) adjustment for petitioner's tax year ended March 31, 1982, occasioned by the change to petitioner's method of accounting for its inventory of spare parts addressed in Hitachi I and Hitachi II. Petitioner opposes the present motion on the ground that respondent's proposed adjustments, including the section 481 adjustment, are based on valuing petitioner's spare parts inventory at 125 percent of invoice cost (standard cost), a method of accounting that petitioner maintains is an incorrect method of accounting. Petitioner argues that, as a matter of law, respondent may not make adjustments that involve valuing petitioner's spare parts inventory under an incorrect method of accounting. II. Summary Judgment
In both Hitachi I and Hitachi II, we discussed the circumstances under which summary adjudication is appropriate, and we will not repeat that discussion here. In support of her motion, respondent relies on the parties' stipulation of the standard cost of petitioner's spare parts inventory at the close of each year here in issue and on respondent's calculation of such standard cost as of the close of the first preceding year to the years *90 here in issue. Petitioner has not challenged such reliance or otherwise argued that there is a genuine issue as to any material fact. We believe that a decision can be rendered here as a matter of law. Accordingly, we believe that the issue presented by respondent is ripe for summary adjudication. See Rule 121(b). We accept the facts stipulated by the parties as true for purposes of deciding the present motion. The stipulation of facts and attached exhibits are incorporated by this reference. III. Facts Relied Upon
At the close of the taxable years here in issue (hereafter 1982, 1983, and 1984), the value of petitioner's spare parts inventory, valued at standard cost, was $ 1,264,519, $ 1,379,689, and $ 1,423,772, for 1982, 1983, and 1984, respectively. Respondent used those values in her notice of deficiency to compute the following adjustments resulting from the disallowance of petitioner's markdowns to market. Table 1
Taxable Years
1982
1983
1984
Ending inventory
$ 1,264,519
$ 1,379,689
$ 1,423,772
at standard cost
Ending inventory
420,000
420,000
420,000
per return
Adjustment to
844,519
959,689
1,003,772
ending inventory
Less prior year's
0   844,519
959,689
adjustment
Disallowance
$   844,519
$   115,170
$    44,083
*91 At the close of petitioner's tax year ended March 31, 1981 (hereafter 1981), the value of petitioner's spare parts inventory, valued at standard cost, was $ 1,117,346. That amount also was the opening value, at standard cost, of petitioner's spare parts inventory for 1982. On its 1981 and 1982 returns, petitioner had claimed closing and opening values, respectively, of $ 420,000 for such inventory. The consequence of revaluing petitioner's opening inventory of spare parts for 1982 at standard cost is that it reduces the adjustment resulting from revaluing that year's closing inventory of spare parts at standard cost (but not below zero) by the increase in value of opening inventory. That becomes plain if it is kept in mind that the adjustment we are speaking of is a decrease in cost of goods sold. Cost of goods sold, slightly simplified, equals opening inventory plus inventory purchased during the taxable period, minus closing inventory. Thus, the greater the value of opening inventory, other things being held constant, the greater the cost of goods sold. Conversely, the greater the value of closing inventory, other things being held constant, the lesser *92 the cost of goods sold. Accordingly, any decrease in cost of goods sold brought about by an increase in value of closing inventory will, on a dollar for dollar basis, be offset by any increase in value of opening inventory, assuming that no changes are made other than in such values. In Hitachi II, we held that both petitioner's opening inventory of spare parts for 1982 and its closing inventory of spare parts for 1982, 1983, and 1984 must be revalued at standard cost. Accordingly, respondent has recalculated her adjustments to cost of goods sold (and taxable income) taking into account such holdings. Putting aside any section 481 adjustment, respondent's recalculated adjustments, and their effect on taxable income, are as follows. Table 2
Taxable Year Ended
1982
1983
1984
Opening inventory
$ 1,117,346
$ 1,264,519
$ 1,379,689
at standard cost
Less:
Closing inventory
1,264,519
1,379,689
1,423,772
at standard cost
Equals: Decrease in cost $ ( 147,173)
$ ( 115,170)
$ (  44,083)
of goods sold
per return
--  --  --  Also equals:
Increase in
$   147,173
$   115,170
$    44,083
taxable income
A comparison of *93 the last entries in the columns for 1982, in Tables 1 and 2, shows that respondent's original adjustment resulting from the disallowance of petitioner's markdown to market ($ 844,519) exceeds her recalculated adjustment ($ 147,173) by $ 697,346. Respondent explains that difference as reflecting the required increase in value of opening inventory for 1982 necessitated by our holding in Hitachi II that both opening and closing inventory for that year must be valued at standard cost. To prevent a duplication in cost of goods sold from such new method of accounting for 1982, respondent proposes a section 481 adjustment in a like amount: $ 697,346. IV. Discussion
Section 481(a) provides as follows: In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change")-- (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated *94 or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.
The substance of our opinions in Hitachi I and Hitachi II with regard to petitioner's method of accounting for its inventory of spare parts is that, under such method of accounting, petitioner erroneously marked down the closing value of its spare parts inventory from standard cost to $ 420,000. In Hitachi II, we held that petitioner must revalue both its opening and closing inventories of spare parts for 1982. It is indisputable that, for purposes of section 481(a), there has been a change in petitioner's method of accounting for its inventory of spare parts. The year of change is 1982. Respondent has computed the adjustment ($ 697,346) that she has determined to be necessary solely by reason of such change to prevent amounts from being duplicated. We have no doubt that a duplication of cost of goods sold may occur on account of the required revaluation of inventory. The possibility of such duplication arises because petitioner, *95 having previously marked down its spare parts inventory on hand at the close of 1981, must revalue that inventory upward at the beginning of 1982. Such upward adjustment will, for a second time, be taken account of as a cost of goods sold when such inventory is disposed of. Petitioner disputes no fact. Nevertheless, petitioner argues that respondent's computation of a section 481 adjustment of $ 697,346 is erroneous because petitioner's opening inventory of spare parts for 1982 may not be determined at standard cost but must be determined at some lesser amount. Petitioner cites Prabel v. Commissioner, 91 T.C. 1101, 1112 (1988), affd. 882 F.2d 820 (3d Cir. 1989) and Rotolo v. Commissioner, 88 T.C. 1500, 1514 (1987), for the proposition that respondent may not place petitioner on an incorrect method of accounting. Petitioner concedes that "it may not have correctly valued spare parts inventory by basing it on 125 percent of invoice cost" (i.e., standard cost). Petitioner argues that "Petitioner's spare parts inventory may only be valued at actual inventory cost", with certain adjustments as *96 provided for in regulations. Petitioner points to certain previously submitted computations, which it implies are based on "actual inventory cost", with certain adjustments, and support a section 481 adjustment less than that computed by respondent. In Hitachi II, we held that petitioner's method of accounting for its inventory of spare parts included valuing such spare parts at standard cost. We rejected petitioner's claim that, for tax purposes, it has never valued its inventory of spare parts at standard cost. Petitioner's practice of valuing its inventory of spare parts at standard cost involves a material item in petitioner's overall plan for valuing items in inventory. See sec. 1.446-1(e)(ii)(c), Income Tax Regs.; cf. sec. 1.446-1 (e) (iii) Example (7), Income Tax Regs. (20 percent reduction to cost of closing inventory taken as "reserve for price changes" involves treatment of a material item). Any change with regard to petitioner's practice of valuing its inventory of spare parts at standard cost would, thus, by itself, constitute a change in method of accounting. See sec. 1.446-1(e)(2)(ii)(c), Income Tax Regs. Respondent has asked for no such change *97 in method of accounting, nor is there anything in the record to indicate that petitioner has obtained the necessary permission to make any change in method of accounting. See sec. 446(e). Respondent has computed an adjustment that she has determined to be necessary solely on account of the disallowance of petitioner's method of determining market value to prevent amounts from being duplicated. Petitioner, who bears the burden of proof, has raised no facts to contradict respondent's computation. Summary judgment in respondent's favor is appropriate. Prabel v Commissioner, and Rotolo v. Commissioner, supra, are inapposite. If, indeed, petitioner's method of valuing its inventory of spare parts at standard cost is an erroneous method of accounting, petitioner may change its method of accounting, once it has obtained the consent of respondent. See sec. 446(e). If that change occasions an omission, then another section 481 adjustment may be in order. The disadvantage to petitioner of our today not considering its claim of an erroneous method is only a disadvantage of timing, not a disadvantage of omission. Section 481 can work in a taxpayer's favor as well as against *98 him. It is time, however, to put this case to rest. On the premises stated, we sustain total adjustments for 1982 as follows: Table 3
Taxable Year 1982
Increase to taxable income
$ 147,173
after revaluing beginning
and ending inventory at
standard cost:
Opening inventory at
$ 1,117,346 standard cost:
Less: Opening inventory
$  (420,000)
per return:
Equals:
$   697,346  697,346 Omitted income due
to change in method
of accounting (sec.
481): Total increase to taxable $ 844,519
income:
V. Conclusion
Respondent's motion for summary judgment will be granted. An appropriate order will be issued. Footnotes
*. This opinion supplements Hitachi Sales Corp. of America v. Commissioner, T.C. Memo. 1992-504 and Hitachi Sales Corp. of America v. Commissioner, T.C. Memo. 1994-159.↩